UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD C. THEBEAU, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:08CV01138 ERW |
| | ) |
| J.M. MARSCHUETZ CONSTRUCTION CO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss [doc. #4].

### I.  BACKGROUND

Richard C. Thebeau ("Plaintiff") filed this lawsuit alleging four counts of breach of contract. He filed this suit in the St. Louis County Circuit Court, and J.M. Marschuetz Construction Co. ("Defendant") removed the action to this Court. Plaintiff is a member of the Laborers International Union of North America, AFL-CIO ("Laborers Union"), and he alleges that Defendant breached four separate collective bargaining agreements (collectively, "CBAs"). Specifically, he states that these CBAs were breached because he was not paid the money that was due when his lunch breaks were eliminated.

### II.  LEGAL STANDARD

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiff. *Chambers v. St. Louis County*, 247 F.App'x 846, 848 (8th Cir. 2007) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). While a plaintiff does not have to "set out *in detail* the facts upon which he basis his claim," Fed. R. Civ. P. 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of

entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007) (emphasis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations contained in the pleadings must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1959. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (internal citations and quotations omitted). Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## III.  DISCUSSION

In the pending Motion, Defendant asserts that Plaintiff's claims should be dismissed because they are preempted by federal law. In his response, Plaintiff raised an additional issue, stating that he sufficiently alleged exhaustion of contractual grievance procedures. Defendant then replied, asserting that Plaintiff's claims should be dismissed for failure to exhaust grievance procedures and lack of standing. Because Plaintiff did not have the opportunity to respond to Defendant's allegations related to standing, the Court will not consider this issue.[1] The Court will consider the Parties' arguments related to preemption and exhaustion. These issues will be discussed separately.

---

[1] However, the Court notes that Plaintiff clearly has standing to bring this action. Some rights under collective bargaining agreements are "uniquely personal" and "amenable to individual enforcement," while other rights are considered to be "collective" of all union members and "reserved to the union to enforce." *Gutierrez v. United Foods, Inc.*, 11 F.3d 556, 560 (6th Cir. 1994). Rights that are considered uniquely personal include "wages, hours, overtime pay, and wrongful discharge." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). In this action, Plaintiff seeks to recover wages that he claims were withheld when his employer did not pay him for when his lunch breaks were eliminated. This claim is uniquely personal, and may be brought by Plaintiff.

2

## A. PREEMPTION

Defendant asserts that Plaintiff's state-law breach of contract claims should be dismissed because they are preempted by the Labor Management Relations Act ("LMRA"). *See* 29 U.S.C. § 185(a). Federal law preempts all "claims founded directly on rights created by a CBA and claims substantially dependent on analysis of a CBA." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 n.2 (8th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)). However, this does not result in the complete preemption of all employment disputes involving a collective bargaining agreement. *See Miner v. Local 373*, 513 F.3d 854, 865 (8th Cir. 2008). To determine if Plaintiff's claims are preempted, the Court must determine if "resolution of a state-law claim depends upon the meaning of a [collective bargaining agreement]." *Id.* "An otherwise independent claim will not be preempted if the CBA need only be consulted during its adjudication." *Trustees of Twin City Bricklayers Fringe Ben. Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 331 (8th Cir. 2006).

The claims in this action are simple breach of contract claims. Plaintiff has included the relevant contractual terms in their Complaint. Agreement 2 states that "[i]f the starting of employees one-half (½) hour lunch period is delayed beyond four and one-half (4 ½) hours after starting time on the job, by the Employer, employees whose lunch period is so postponed shall be paid one-half (½) hour at contractual overtime rate for such lunch period."
Agreement 3 states that:

> If the starting time of the employees' one half (½) hour lunch period is delayed beyond four and one half (4 ½) hours after starting time on the job by the Employer, employees whose lunch period is so postponed shall receive a one half (½) hour lunch period with straight time pay.
> If the employee's lunch period is eliminated, the employee shall receive one (1) hour pay at the applicable overtime rate.

Finally, Agreement 4 declares that:

3

>If the starting time of the employees' one-half (½) hour lunch period is delayed beyond four and one-half (4 ½) hours after starting time on the job by the Employer, employees whose lunch period is so postponed shall receive a one-half (½) hour lunch period with straight time pay.
>
>If the employee's lunch period is eliminated, the employee shall receive one (1) hour pay at the applicable overtime rate, unless the employee works less than eight (8) hours due to inclement weather.

The breach of contract claims at issue in this action can be resolved by merely consulting the above provisions, and an in-depth analysis or interpretation of the CBAs will not be required. *See id.* at 331-32. As a result, these claims are not preempted by the LMRA.

## B. EXHAUSTION OF CONTRACTUAL GRIEVANCE PROCEDURES

Generally, an "employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement" before they may bring an action for the breach of the collective bargaining agreement. *Vaca v. Sipes*, 386 U.S. 171, 184 (1967). However, employees who have not exhausted contractual grievance procedures may still bring suit where a union "breached its duty of fair representation in its handling of the employee's grievance." *Id.* When determining whether a union has breached this duty, the "union is granted broad latitude in dealing with its members and its performance is viewed in a highly deferential light." *Carter v. Ford Motor Co.*, 121 f.3d 1146, 1149 (8th Cir. 1997). A breach of a union's "duty of fair representation occurs only when a union's conduct is 'arbitrary, discriminatory, or in bad faith." *Id.*

Plaintiff's only reference in his complaint to the grievance procedures or the duty of fair representation is a statement that:

>Plaintiff and other members of the Class have complained to both Union officials, including their business agent, and officials of Defendant regarding not receiving the additional monies to which they are entitled as a result of having their lunch breaks eliminated. Neither the Union nor Defendant have elected to take any action regarding these complaints whatsoever.

4

This statement is not sufficient for the Court to find that Plaintiff exhausted the grievance procedures or that the Laborers Union breached its duty of fair representation. However, the Court's review of the relevant contractual provisions and Plaintiff's allegations indicate that Plaintiff should be given leave to amend his complaint to sufficiently allege that he either exhausted the grievance procedures or that the Laborers Union breached this duty.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [doc. #4] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within twenty (20) days of this Order.

Dated this 9th day of January, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE